UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRY GREENBERGER | * CIVIL ACTION |
| | * |
| | * NO. |
| VERSUS | * |
| | * SECTION |
| | * |
| THE SHERATON, L.L.C., CS&M ASSOCIATES AND ABC INSURANCE COMPANY | * MAGISTRATE |
| | * |
| | * |

## NOTICE OF REMOVAL

The Notice of Removal of Sheraton Operating Corporation and The Sheraton, L.L.C. (who was improperly named by plaintiff as operator of the hotel), removing this action from the Civil District Court for the Parish of Orleans, State of Louisiana, and, to the extent required, reserving any and all rights, objections, defenses, exceptions, and motions, respectfully represents as follows:

## BACKGROUND

1.

On November 28, 2012, plaintiff, Harry Greenberger ("Plaintiff"), commenced an action against defendants, The Sheraton, L.L.C., CS&M Associates and ABC Insurance Company, in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Harry Greenberger v. The Sheraton, L.L.C., CS&M Associates and ABC Insurance Company* and bearing Civil Action No. 2012-11013 ("State Court Suit") on the docket of that court.

1984719-1

2.

Pursuant to 28 U.S.C. § 1446(a), copies of the Petition for Damages and accompanying Citation are attached, *in globo*, to this Notice of Removal as **Exhibit "A"** and constitute all process, pleadings and orders served upon defendant The Sheraton, L.L.C.

3.

Plaintiff Harry Greenberger ("Plaintiff") alleges that he was a business invitee on the premises of the Sheraton Hotel located at 500 Canal Street, New Orleans, Louisiana, and a participant in a convention located in a second-floor meeting room at the hotel (Petition for Damages, ¶¶ III, VII).

4.

Plaintiff alleges that, upon entering the restroom facility, he encountered a substantial amount of clear liquid, believed to be water, on the marble floor of the restroom, which substance caused him to slip and fall to the floor, causing him to sustain injuries and damages (Petition for Damages, ¶ VII).

5.

Plaintiff alleges that The Sheraton, L.L.C. is the operator and manager of the hotel (Petition for Damages, ¶ IV).

6.

Plaintiff alleges that CS&M Associates is the owner of the hotel and that CS&M Associates had contracted with The Sheraton, L.L.C. for the management and operation of the hotel (Petition for Damages, ¶ V).

7.

The operator of the hotel is Sheraton Operating Corporation, not The Sheraton, L.L.C. Undersigned counsel has notified Plaintiff's attorney of this fact by letter dated December 14, 2012 (**See Exhibit "B"**), and Sheraton Operating Corporation is the proper defendant in this lawsuit.

8.

Plaintiff's counsel has not substituted Sheraton Operating Corporation as a defendant in this lawsuit. Due to the thirty day deadline for removal, Sheraton Operating Corporation (which is the party Plaintiff desires to sue) and The Sheraton, L.L.C. remove the State Court Suit at this time.

9.

The real party defendant at issue is Sheraton Operating Corporation and not The Sheraton, L.L.C.

10.

Plaintiff alleges that ABC Insurance Company had in full force and effect a policy of liability insurance insuring The Sheraton, L.L.C. and CS&M Associates (Petition for Damages, ¶ VI).

11.

Plaintiff alleges that each of the named defendants is liable under a theory of negligence for pain and suffering, past, present and future, both mental and physical, physical disability, loss of use of a bodily function, loss of enjoyment of life, the likelihood of future surgical interventions and special damages for medical expenses, all as a result of the alleged incident (Petition for Damages, ¶¶ X-XI).

## **DIVERSITY OF CITIZENSHIP**

12.

The State Court Suit is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 in that the amount in controversy exceeds, exclusive of interest and costs, the sum of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000) DOLLARS, and is between citizens of different states.

13.

Plaintiff was domiciled in the State of Louisiana at the time he commenced the State Court Suit and is currently domiciled in the State of Louisiana (Petition for Damages, Introductory Paragraph).

14.

Defendant The Sheraton, L.L.C. is now, and was at the time Plaintiff commenced the State Court Suit, a limited liability company organized under the laws of the State of Delaware. Under federal law, the citizenship of the members of a limited liability company determines jurisdiction. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (2008). The two members of The Sheraton, L.L.C. are Starwood Hotels & Resorts Worldwide, Inc. and Starwood Hotels & Resorts Management Company, Inc.

15.

Starwood Hotels & Resorts Worldwide, Inc. is now, and was at the time Plaintiff commenced the State Court Suit, a corporation organized under the laws of the State of Maryland, and whose principal place of business is in Stamford, Connecticut.

16.

Starwood Hotels & Resorts Worldwide, Inc. does not now, and did not at the time Plaintiff commenced the State Court Suit, have its principal place of business in Louisiana. Starwood Hotels & Resorts Worldwide, Inc. is not now, and was not at the time Plaintiff commenced the State Court Suit, organized under the laws of the State of Louisiana.

17.

Starwood Hotels & Resorts Management Company, Inc. is now, and was at the time Plaintiff commenced the State Court Suit, a corporation organized under the laws of the State of Delaware, and whose principal place of business is in Stamford, Connecticut.

18.

Starwood Hotels & Resorts Management Company, Inc. does not now, and did not at the time Plaintiff commenced the State Court Suit, have its principal place of business in Louisiana. Starwood Hotels & Resorts Management Company, Inc. is not now, and was not at the time Plaintiff commenced the State Court Suit, organized under the laws of the State of Louisiana.

19.

Defendant CS&M Associates is a domestic partnership (Petition for Damages, ¶ I(B)). CS&M Associates is ultimately domiciled, in part, in the State of Louisiana. However, CS&M Associates is an improperly joined party for the reasons set forth below. Neither diversity jurisdiction nor the right to remove a diversity action can be defeated by the improper joinder of a resident defendant against whom no claim can be stated under state law. *Chesapeake & Ohio R. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S.Ct. 278, 280, 58 L. Ed. 544 (1914); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532-33 (5th Cir. 2006); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216-18 (5th Cir. 1995). Accordingly, the domicile of CS&M Associates

must be ignored for purposes of determining diversity jurisdiction and proper removal. *Burden*, 60 F.3d at 217-18.

20.

Defendant ABC Insurance Company is a fictitious insurance company which Plaintiff asserts provided a policy of liability insurance to The Sheraton, L.L.C. and CS&M Associates (Petition for Damages, ¶ VI). For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1).

21.

Defendant ABC Insurance Company is a fictitious entity that has not been served in this litigation. Therefore, its consent to removal is not required. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988).

22.

Sheraton Operating Corporation is now, and was at the time Plaintiff commenced the State Court Suit, a corporation organized under the laws of the State of Delaware, and whose principal place of business is in Stamford, Connecticut.

23.

Sheraton Operating Corporation does not now, and did not at the time Plaintiff commenced the State Court Suit, have its principal place of business in Louisiana. Sheraton Operating Corporation is not now, and was not at the time Plaintiff commenced the State Court Suit, organized under the laws of the State of Louisiana.

24.

Complete diversity exists between Plaintiff and all defendants. Because CS&M Associates, the only defendant domiciled in the State of Louisiana, is improperly joined, its citizenship is disregarded for purposes of removal and therefore the State Court Suit is properly removable under 28 U.S.C. § 1441. *See Burden v. General Dynamics Corp.,* 60 F.3d 213, 216-18 (5th Cir. 1995).

### THE IMPROPERLY JOINED DEFENDANT

25.

Plaintiff's Petition for Damages does not state a legally cognizable claim for relief under Louisiana state law against CS&M Associates. Plaintiff has no reasonable possibility of recovering against CS&M Associates, and thus CS&M Associates is an improperly joined defendant. *See Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

26.

Plaintiff alleges that CS&M Associates is liable because it was the owner of the Sheraton Hotel.

27.

CS&M Associates is the owner of the Sheraton Hotel. Pursuant to an Operating Agreement between CS&M Associates and Sheraton Operating Corporation, Sheraton Operating Corporation is the operator of the Sheraton Hotel.

28.

Pursuant to the Operating Agreement, Sheraton Operating Corporation had and has exclusive responsibility for the day-to-day operation, direction, management and supervision of the Sheraton Hotel at all relevant times, including the maintenance of the hotel restrooms.

29.

The allegation in this case is water on the floor of a bathroom (Petition for Damages, ¶ VII), and that involves the operation of the hotel.

30.

Under Louisiana law, a hotel owner can only be liable for injuries or losses sustained if it (1) is involved in the day-to-day operations of the hotel and (2) knew or reasonably should have known of the defective or dangerous conditions that caused the injuries or losses. *See* La. Civ. Code arts. 2317.1 and 2322; *Jones v. Sheraton Operating Corp.*, 2003 U.S. Dist. LEXIS 8348 (E.D. La. May 15, 2003); *Landry v. St. Charles Inn, Inc.*, 446 So.2d 1246 (La. App. 4 Cir. 1984). *See also Gorton v. Ouachita Parish Police Jury*, 35, 432 (La. App. 2 Cir. 4/3/02), 814 So.2d 95, *writs denied*, 02-1261, 02-1273 (La. 8/30/02), 823 So.2d 950, 952.

31.

CS&M Associates, because it did not operate the Sheraton Hotel, did not and could not have had any knowledge of the alleged dangerous or defective conditions involving the restrooms at the Sheraton Hotel.

32.

Thus, under Louisiana law and jurisprudence, because CS&M Associates was not involved in the day-to-day operations of the Sheraton Hotel and did not know nor could have known of the allegedly dangerous or defective conditions, there is no reasonable possibility of Plaintiff recovering against CS&M Associates in the State Court Suit.

33.

Consent to removal by improperly joined parties is not necessary. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Tomlinson v. St. Paul Fire & Marine Ins. Co.*, 2006 U.S. Dist. LEXIS 64944, **11-12 (E.D. La. Sept. 12, 2006).

### AMOUNT IN CONTROVERSY

34.

It is apparent from the face of Plaintiff's Petition for Damages that the amount in controversy between Plaintiff and the defendants exceeds $75,000, exclusive of interest and costs. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000). The Sheraton, L.L.C. states that it is not liable. Plaintiff alleges that he suffered severe physical and mental pain and suffering, past, present and future, including a broken hip and multiple bruises and contusions to his body, which injuries necessitated major surgery and a hip replacement shortly after the alleged incident (Petition for Damages, X). Plaintiff further alleges that he has incurred general damages for pain and suffering, past, present and future, both mental and physical, physical disability, loss of use of a bodily function, loss of enjoyment of life, the likelihood of future surgical interventions and special damages for medical expenses, as a result of the alleged incident (Petition for Damages, ¶ XI). Accordingly, pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds $75,000, exclusive of interest and costs.

35.

Thus, diversity exists between Plaintiff and all defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## THE REMOVAL IS TIMELY AND PROPER

36.

This Notice of Removal is being filed within thirty (30) days after proper service on any defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, according to 28 U.S.C. § 1446.

37.

The Sheraton, L.L.C. was served with the Citation and Petition for Damages on December 10, 2012, through CT Corporation, the registered agent for service of process in Louisiana for The Sheraton, L.L.C.

38.

Thus, the removal by The Sheraton, L.L.C. and Sheraton Operating Corporation is timely. The Sheraton, L.L.C. is removing this litigation within thirty (30) days of service of the Citation and Plaintiff's Petition for Damages upon it.

39.

Sheraton Operating Corporation has not been served with the Citation and Petition for Damages.

40.

Civil District Court for the Parish of Orleans, where the State Court Suit was filed, is located within the Eastern District of Louisiana, and therefore this Court is the proper court for the removal of this action. *See* 28 U.S.C. §§ 98(a), 1441(a).

41.

This action is being removed without any waiver of any rights, objections, defenses, exceptions, or motions, state or federal, including but not limited to improper service, citation, venue, lack of amicable demand, non-joinder of a party, jurisdiction, prematurity, and vagueness.

**WHEREFORE**, defendants, The Sheraton, L.L.C. and Sheraton Operating Corporation, pray that the above numbered and entitled cause on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

_____
JOHN F. OLINDE, T.A. (#1515)
PHILIP R. SIMS (#27644)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
*Attorneys for The Sheraton, L.L.C. and Sheraton Operating Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2013, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served with this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States Mail, properly addressed and with adequate postage affixed thereon.

_____