```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA


HARRY GREENBERGER                          CIVIL ACTION

VERSUS                                     NO. 13-42

SHERATON OPERATING CORP.,                  SECTION "B"
SHERATON, LLC, CS&M ASSOCIATES
```

**ORDER AND REASONS**

Before the Court is Plaintiff Harry Greenberger's Motion To Remand. (Rec. Doc. No. 7). In response, Defendant The Sheraton, L.L.C. filed an opposition. (Rec. Doc. No. 10). Plaintiff filed a reply thereto. (Rec. Doc. No. 13). Accordingly, and for the reasons articulated below, **IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. No. 7) be **GRANTED**.

Causes of Action and Facts of Case:

This cases arises out of an alleged personal injury incident at the Sheraton Hotel located at 500 Canal Street, New Orleans, Louisiana. (Rec. Doc. No. 2, at 2). Plaintiff Harry Greenberger ("Plaintiff") alleges that on or about Saturday, June 9, 2012, he was a business invitee and patron on the premises of the Sheraton Hotel located at 500 Canal Street. (Rec. Doc. No. 2-1, at 3). Plaintiff claims that upon entering the restroom on the second

1

floor of the hotel, he slipped on a substantial amount of clear liquid on the marble floor of the restroom and sustained injuries as a result. (Id.).

On November 28, 2012, Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans, naming as defendants The Sheraton, L.L.C. (as the alleged operator of the Hotel) and CS&M Associates ("CS&M") (as the alleged owner of the Hotel). (Rec. Doc. No. 2-1, at 2). Defendant the Sheraton, L.L.C. then timely removed this case to federal district court on January 8, 2013, based upon diversity jurisdiction on the grounds that CS&M, the only non-diverse defendant, was fraudulently joined. (Rec. Doc. No. 2, at 7).

Plaintiff seeks remand of this matter, arguing that CS&M Associates was not fraudulently joined and that there is a possibility that he can recover against it. Defendant asserts that there is no possibility that Plaintiff can establish a cause of action against and recover from CS&M based on his state law claims and thus, CS&M's citizenship is irrelevant for the purposes of determining federal jurisdiction in this case.

### Law and Analysis

**A. Removal Based on Diversity Jurisdiction**

2

Under 28 U.S.C.A. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to [federal] district court." Under 28 U.S.C.A. § 1332, federal jurisdiction may be premised on diversity jurisdiction where: (1) the matter in controversy exceeds the sum or value of $75,000 and (2) is between citizens of different States. In the case at bar, defendant removed based on alleged diversity of citizenship between the parties. There is no dispute as to whether the amount in controversy exceeds $75,000.

### B. Fraudulent Joinder

Defendant asserts that CS&M, the only non-diverse defendant, was fraudulently joined. The removing party bears a heavy burden in demonstrating the fraudulent joinder of non-diverse defendants and must demonstrate that there is ***no possible way*** that the plaintiff would prevail against the non-diverse defendant in state court. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981))(emphasis added).

In evaluating fraudulent joinder claims, all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party. *Ford*, 32

F.3d at 935 (citing *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42-43 (5th Cir. 1992)). The Court must then determine whether that party has any possibility of recovery against the party whose joinder is questioned. *Id.* If the possibility exists, then a good faith assertion of such claims in a state court is not a sham and is not fraudulent in fact or in law. *Id.*

"The joinder is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the liability of the resident defendant could not possibly create such liability so that the assertion of the cause of action is as a matter of local law plainly a sham and frivolous." *Parks v. New York Times, Co.*, 308 F.2d 474, 477 (5th Cir. 1962) *cert denied* 376 U.S. 949 (1964).

### C. Louisiana Law on the Liability of Owners

LSA-C.C. Art. 2317.1 states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which cause the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Liability under 2317.1 "is not based on ownership, but on care, custody and control." *Klein v. Cisco-Eagle, Inc.*, 37,398

(La.App.2 Cir. 9/24/03) 855 So.2d 844, 852. In determining whether control or custody of the premises exists, courts have examined whether a defendant has the ability to access the premises at will and the ability to change the premises. *Bethea v. Great Atlantic & Pacific Tea Co.*, 2007-1385 (La.App. 4 Cir. 9/30/09), 22 So.3d 1114, 1115. However, "[t]he fact that an owner has access to the job site and even conducts periodic inspections of the work being done at the job site does not bestow care, custody and control of the job site to the owner." *Klein,* 855 So.2d at 852.

In the case at bar, Plaintiff has submitted a copy of CS&M's business registration with the Louisiana Secretary of State which shows the same domiciliary address as the hotel. (Rec. Doc. No. 7-2). Additionally, Plaintiff has submitted a copy of the "Terms and Conditions of Use" from the Sheraton website. (Rec. Doc. No. 7-3). The pertinent language states "[t]his website for Sheraton New Orleans is maintained by or on behalf of CS&M Associates." (Id.). Defendant Sheraton, L.L.C. has submitted four affidavits (from a Senior Paralegal for Starwood Hotels and Resorts Worldwide, Inc., the Director of Finance at the Sheraton New Orleans Hotel at 500 Canal Street, the Director of Canal Street

5

Holdings, Inc., and the Director at Metropolitan Life Insurance Company) (Rec. Doc. Nos. 10-1, 10-2, 10-3, 10-4) all stating that pursuant to the terms of an Operating Agreement between the Sheraton Operating Corporation and CS&M Associates, CS&M was not and is not involved with the day-to-day operations or management of the Hotel including maintenance of the Hotel restrooms. (Id.). Defendant's affidavits further allege that "under the terms of the Operating Agreement, Sheraton Operating Corporation was and is exclusively responsible for the day-to-day management and operations of the Hotel, including the maintenance of the Hotel restrooms." (Id.).  Neither party has provided the Court with a copy of the alleged "operating agreement." The Court cannot say, however, that under the fraudulent joinder standard that the evidence before the Court establishes that there is *no possibility* that Plaintiff could make out a claim that the hotel premises were under CS&M's garde in state court. It is possible that Plaintiff will be able to produce evidence of care, custody and control given the opportunity for further discovery. *See Willard v. Board of Com'rs of Port of New Orleans*, No. 2:02-CV-3594, 2003 WL 1733552, at * 6 (E.D.La. Mar. 28, 2003) (the court granted plaintiff's motion to remand and denied defendants' fraudulent joinder claim based on the possibility that plaintiff

6

might come forward with sufficient evidence to establish garde under 2317).

If care, custody or control, can be proven, the Plaintiff must go further in order to assert negligence under C.C. art. 2317.1 and demonstrate the following elements: "(1) that the defendant knew or should have known of the vice or defect; (2) that the damage could have been prevented by the exercise of reasonable care; and (3) that defendant failed to exercise such reasonable care." *Dufrene v. Gautreau Family, L.L.C.*, 07-467 (La.App. 5 Cir. 02/22/08), 980 So.2d 68, 80. The knowledge prong of the negligence test invokes the concept of constructive knowledge. "[C]onstructive knowledge imposes a reasonable duty to discover apparent defects in things under the defendant's garde." *Id.* (citing *Johnson v. Entergy Corp.*, 36, 323 (La.App.2 Cir. 9/20/02), 827 So.2d 1234). Constructive notice is presumed when it is shown that the defect or dangerous condition has existed for such a period of time that knowledge can be presumed or that "one should have had knowledge of the condition." *Id.* (citing *Charan v. Bowman*, 06-0882 (La.App. 1 Cir. 8/1/07), 965 So.2d 466, *writ denied*, 07-1773 (La. 11/9/07), 967 So.2d 505).

In the case at bar, neither Plaintiff nor Defendant has presented evidence demonstrating CS&M's actual or constructive knowledge or lack thereof about the liquid in the second floor

7

bathroom. Nothing has been presented as to the length of time that the alleged liquid was on the floor or the source of the liquid. Further, no evidence has been presented as to whether a representative of CS&M, rather than The Sheraton, L.L.C. or the Sheraton Operating Company would have had occasion to inspect that bathroom. Thus, the possibility exists that Plaintiff may be able to produce such evidence if given further opportunity for discovery. The Court cannot presume that no possibility of recovery exists such that the fraudulent joinder standard would be satisfied, particularly in view of competing evidence thus far and yet to be produced in discovery on above pertinent points.

Accordingly, and for the reasons stated herein, **IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. No. 7) is **GRANTED.**

New Orleans, Louisiana, this 29th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE